UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMON CHAN,<br><br>        Appellant,<br><br>    v.<br><br>LOIS I. BRADY, et al.,<br><br>        Appellees. | Case No. 20-CV-05593-LHK<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO CONVERT TO CHAPTER 13**<br><br>Re: Dkt. No. 14 |

Appellant Simon Chan ("Appellant") appeals the Bankruptcy Court's order denying Appellant's motion to convert Appellant's Chapter 7 bankruptcy proceedings to Chapter 13. ECF No. 1. Trustee Lois I. Brady ("the bankruptcy trustee") and Michael Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken, and Julie Lam (collectively, "the Frazer Creditors") (all collectively, "Appellees") filed response briefs. ECF Nos. 15, 16. Appellant filed a reply. ECF No. 19. Having considered the parties' submissions, the relevant law, and the record in this case, the Court AFFIRMS the Bankruptcy Court's order denying Appellant's motion to convert to Chapter 13.

**I.    BACKGROUND**

   **A.  The January 24, 2018 Statement of Decision**

1

Case No. 20-CV-05593-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO CONVERT TO CHAPTER 13

On March 28, 2014, the Frazer Creditors sued Appellant in California Superior Court for the County of Contra Costa and alleged that Appellant defrauded the Frazer Creditors in connection with a real estate investment venture in Beijing, China. Bankruptcy Trustee's ER 73–90; *see also Chan v. Frazer*, 620 B.R. 106, 108 (N.D. Cal. 2020). According to the Frazer Creditors, Appellant received funds from the Frazer Creditors but never provided an accounting or any records regarding these funds. Bankruptcy Trustee's ER at 77–78. Instead, Appellant deposited the funds into his personal bank accounts and placed title to the condominium units in his name. *Id*. The Frazer Creditors claimed that Appellant concealed this information and made misrepresentations about the status of the investments. *Id*. at 77–78, 84–85. As a result, the Frazer Creditors alleged causes of action for intentional fraud and deceit, negligent misrepresentation, breach of fiduciary duty, unfair business practice, and unjust enrichment. *Id.* at 80.

On January 24, 2018, following a bench trial, the California Superior Court issued detailed factual findings and conclusions of law in a 17-page Statement of Decision. *Id.* at 73–90. The Statement of Decision rejected all of Appellant's cross claims, *id.* at 86–88, and found in favor of the Frazer Creditors on all their causes of action except their negligent misrepresentation claim. *Id.* at 80–84. Accordingly, the California Superior Court awarded compensatory damages as follows: $373,109 for Julie Lam; $263,371 for Michael Scott Frazer; $131,686 for Jeff Chang; $131,686 for William and Michelle Chan; $131,686 for Tomas Velken; and $131,686 for Alan Miller. *Id.* at 86. The Statement of Decision also noted that the parties stipulated to bifurcate the issue of punitive damages and set a conference for February 6, 2018 to schedule the punitive damages phase of the trial. *Id.* at 89. On April 18, 2018, the California Superior Court entered judgment in favor of the Frazer Creditors and against Appellant. *Id.* at 36.

### B. Appellant's Chapter 7 Bankruptcy Proceedings

On January 25, 2018, one day after the Statement of Decision was issued, Appellant filed a Chapter 7 bankruptcy petition in this district. *Id.* at 4–5. This automatically stayed the California Superior Court action before the California Superior Court could conduct the punitive damages

trial and before the California Superior Court entered judgment. *See* 11 U.S.C. § 362 (stating that the initiation of bankruptcy proceedings triggers an automatic stay of the continuation of any "judicial, administrative, or other action or proceeding" against the debtor).

### C. Appellant's First Bankruptcy Appeal

On August 9, 2019, the Bankruptcy Court entered an order denying Appellant's motion for summary judgment and granting the Frazer Creditors' motion for summary judgment as to compensatory damages. *Chan v. Frazer*, 620 B.R. at 110. The Bankruptcy Court concluded that the California Superior Court decision granting the Frazer Creditors compensatory damages had preclusive effect, and thus, Appellant was collaterally estopped from relitigating that issue before the Bankruptcy Court. *Id.* at 109–10.

On August 23, 2019, Appellant filed a notice of appeal of the Bankruptcy Court's order. *Id.* On November 22, 2019, Appellant filed an opening brief. *Id.* On January 10, 2020, the Frazer Creditors filed a response brief. *Id.* On February 6, 2020, Appellant filed a reply brief. *Id.*

On August 17, 2020, this Court affirmed the Bankruptcy Court's order granting the Frazer Creditors' motion for summary judgment as to compensatory damages. *Id.* at 110–14. This Court concluded that Appellant was barred from relitigating compensatory damages by the doctrine of collateral estoppel because Appellant litigated the issues of liability and compensatory damages in the California Superior Court action to final judgment and application of the collateral estoppel doctrine would not be contrary to public policy. *Id.*

### D. Appellant's Second Bankruptcy Appeal

On July 8, 2019, Appellant amended his Schedules A/B, which list property, to include potential RICO, malicious prosecution, and abuse of process claims (collectively, the "RICO claims") against the Frazer Creditors and their attorneys with a value of $0. See Case No. 20-CV-6569-LHK, ECF No. 19, at 3. Appellant states that his RICO claims allege that, in the state court litigation between the Frazer Creditors and Appellant, the Frazer Creditors committed perjury when they testified regarding which version of the private placement memorandum they relied on

3

Case No. 20-CV-05593-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO CONVERT TO CHAPTER 13

when determining whether to invest in the Beijing project and when they denied any knowledge of a legal opinion that stated that the investment funds had to be held in Appellant's personal account. *Id.* On October 23, 2019, Appellant amended his Schedules A/B to change the value of the RICO claims from $0 to $2,500,000. *Id.*

On April 10, 2020, the bankruptcy trustee agreed to settle the RICO claims with the Frazer Creditors for $7,500. *Id.* That same day, Appellant filed a motion to compel abandonment of the RICO claims on the grounds that the RICO claims are burdensome and of inconsequential value. *Id.*

On June 10, 2020, the Bankruptcy Court entered an order approving the bankruptcy trustee's settlement of the RICO claims and denying Appellant's motion to compel abandonment of the RICO claims. *Id.* at 4.

On September 18, 2020, Appellant filed a timely notice of appeal of the Bankruptcy Court's order regarding the RICO claims. Case No. 20-CV-06569-LHK, ECF No. 1. On March 18, 2021, Appellant filed an opening brief. Case No. 20-CV-06569-LHK, ECF No. 14. On April 15, 2021, the bankruptcy trustee filed a response brief. Case No. 20-CV-06569-LHK, ECF No. 15. On May 14, 2021, Appellant filed a reply brief. Case No. 20-CV-06569-LHK, ECF No. 18.

On August 13, 2021, this Court affirmed the Bankruptcy Court's order approving the bankruptcy trustee's settlement of the RICO claims and denying Appellant's motion to compel abandonment of the RICO claims. *See* Case No. 20-CV-06569-LHK, ECF No. 19. The Court concluded that the Bankruptcy Court did not err in concluding that the settlement was reasonable, fair, and equitable because Appellant's RICO claims were unlikely to succeed, RICO claims are complex and time-consuming to litigate, and it was in the interest of the creditors to settle the bankruptcy and allow the bankruptcy trustee to disburse funds. *Id.* at 5–7. The Court then concluded that the Bankruptcy Court did not err in denying Appellant's motion to compel abandonment of Appellant's RICO claims because Appellant's RICO claims were not burdensome to Appellant's estate and conferred value and benefit to Appellant's estate. *Id.* at 10–11.

### E. Appellant's Motion to Convert His Chapter 7 Proceedings to Chapter 13

On May 22, 2020, more than 30 months after filing his bankruptcy petition, Appellant sought to convert his Chapter 7 bankruptcy proceedings to Chapter 13. Bankruptcy Trustee's ER at 20. On May 27, 2020, the bankruptcy trustee filed an objection to Appellant's motion to convert to Chapter 13. *Id.* at 21. On May 28, 2020, the Frazer Creditors filed an objection to Appellant's motion to convert to Chapter 13. *Id.*

On July 20, 2020, the Bankruptcy Court denied Appellant's motion to convert to Chapter 13. Bankruptcy Trustee's ER at 273–79. The Bankruptcy Court concluded that Appellant was ineligible for Chapter 13 under Bankruptcy Code Section 109(e), which stated at the time that Appellant filed his bankruptcy petition that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 . . . may be a debtor under chapter 13 of this title." *Id.*

On August 12, 2020, Appellant filed a timely notice of appeal of the Bankruptcy Court's July 20, 2020 decision denying Appellant's motion to convert to Chapter 13. ECF No. 1. On January 18, 2021, Appellant filed an opening brief. ECF No. 14 ("Appellant's Br."). On February 16, 2021, Trustee filed a response brief. ECF No. 15 ("Trustee's Br."). On February 17, 2021, The Frazer Creditors filed a response brief. ECF No. 16 ("The Frazer Creditors' Br."). On March 19, 2021, Appellant filed a reply brief. ECF No. 19 ("Appellant's Reply").

## II. LEGAL STANDARD

A federal district court has jurisdiction to entertain an appeal from a bankruptcy court under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees[ ] of bankruptcy judges[.]" On appeal, a district court reviews a bankruptcy court's conclusions of law de novo, and the bankruptcy court's factual findings for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citing *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005)); *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005) ("We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error.").

### III. DISCUSSION

Under Bankruptcy Code § 706(a), a Chapter 7 debtor may file a motion to convert to Chapter 13 at any time as long as the case has not previously been converted to Chapter 7. 11 U.S.C. § 706(a). However, under Bankruptcy Code § 706(d), the debtor must be eligible to be a debtor under Chapter 13 in order to convert to Chapter 13. 11 U.S.C. § 706(d). Bankruptcy Code § 109(e) defines who is eligible to be a debtor under Chapter 13, and its eligibility debt limits are strictly constructed. 11 U.S.C. § 109(e); *Soderlund v. Cohen*, 236 B.R. 271, 274 (9th Cir. BAP 1999).

At the time that Appellant filed his petition for bankruptcy, Bankruptcy Code § 109(e) provided that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e) (2018). The term "debt" is defined in the Bankruptcy Code as "liability on a claim." 11 U.S.C. § 101(12). The term "claim" is defined in the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

In Appellant's bankruptcy proceedings, the Bankruptcy Court denied Appellant's motion to convert to Chapter 13 on the grounds that Appellant was ineligible under § 109(e). Bankruptcy Trustee's ER 273–79. The Bankruptcy Court concluded that Appellant was ineligible because Appellant owed noncontingent, liquidated, unsecured debts of more than $394,725 at the time that Appellant filed his petition for bankruptcy. *Id.*

In the instant appeal, Appellant contends that the Bankruptcy Court erred in determining that Appellant was ineligible to convert to Chapter 13. Specifically, Appellant contends that: (1) the Bankruptcy Court erred in considering the January 24, 2018 Statement of Decision; and (2) the Bankruptcy Court erred in concluding that Appellant's debt to the Frazer Creditors was liquidated and noncontingent. After addressing each of Appellant's arguments in turn, the Court concludes that the Bankruptcy Court properly determined that Appellant had more than $394,725 in

noncontingent, liquidated, unsecured debts at the time that Appellant filed his petition and was thus ineligible to convert to Chapter 13.

### A. The Bankruptcy Court did not err in considering the Statement of Decision.

Appellant contends that the Bankruptcy Court erred in considering the Statement of Decision because: (1) the Frazer Creditors' and bankruptcy trustee's objections were not made in good faith; and (2) the Statement of Decision is a post-petition event that the Bankruptcy Court could not consider. Appellant's Br. at 15 –18, 26–27, 29–37. The Court addresses each argument in turn.

First, Appellant contends that the Frazer Creditors' and bankruptcy trustee's objections were not made in good faith. Appellant's Br. at 15–18, 26–27. The Ninth Circuit has stated that "the rule for determining Chapter 13 eligibility under § 109(e) [is] that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis v. Henrichsen*, 249 F.3d 975, 982 (9th Cir. 2001). However, "where a good faith objection to eligibility has been filed by a party in interest, the bankruptcy court can make a limited inquiry outside of the schedules to determine if the Debtor estimated her debts in good faith, and if not, whether she was eligible for chapter 13 relief." *Fountain v. Deutsche Bank Nat'l Trust Co.*, 612 B.R. 743, 748 (Bankr. 9th Cir. 2020). Moreover, "'checking only to see if the schedules were made in good faith' does not require the bankruptcy court to find bad faith or that a debtor intentionally misrepresented her debts." *Id.* (quoting *Guastella v. Hampton*, 341 B.R. 908, 918 (9th Cir. BAP 2006). "If it appears to be a legal certainty from the record that the claim is not as stated in the schedules, an actual 'good faith' inquiry may be unnecessary." *Id.* at 748–49.

In the instant case, Appellant filed his schedules on February 8, 2018, shortly after Appellant filed his Chapter 7 bankruptcy petition on January 25, 2018. Bankruptcy Trustee's ER at 49–53. After Appellant filed a motion to convert to Chapter 13, objections to Appellant's eligibility were made by the bankruptcy trustee and the Frazer Creditors. *Id.* at 21.

7

Case No. 20-CV-05593-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO CONVERT TO CHAPTER 13

Appellant contends that the Frazer Creditors' and bankruptcy trustee's objections were not made in good faith. The Court disagrees. On Appellant's Schedule E/F, where Appellant listed "Creditors Who Have Unsecured Claims," Appellant listed unsecured debt totaling $430,000. *Id.* at 38, 49–53. Appellant's unsecured debt included several of the Frazer Creditors. *Id.* at 52. However, Appellant omitted Alan Miller, one of the Frazer Creditors, from his Schedule E/F. *Id.* at 49–53. Furthermore, Appellant significantly understated the amounts that Appellant owed the Frazer Creditors on his Schedule E/F. *Id.* Although Appellant stated that he owed unsecured debt totaling $430,000, the Statement of Decision concluded that Appellant owed the Frazer Creditors a total of $1,163,224.00. *Id.* at 86. Thus, the Court concludes that the Frazer Creditors' and bankruptcy trustee's objections were made in good faith.

Second, Appellant contends that the Bankruptcy Court erred in taking judicial notice of the January 24, 2018 Statement of Decision because it was a post-petition event. Appellant's Br. at 29–37. Under Federal Rule of Evidence 201(b), a court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, courts cannot take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Appellant contends that the Bankruptcy Court erred in considering the January 24, 2018 Statement of Decision because the January 24, 2018 Statement of Decision was a post-petition event. Appellant's Br. at 37. In making this argument, Appellant relies on the Ninth Circuit's decision in *In re Slack*. 187 F.3d 1070, 1073 (9th Cir. 1999). However, *Slack* is distinguishable.

8

1  Indeed, in *Slack*, a creditor asked the bankruptcy court to take judicial notice of a state court

2  judgment that had not been entered before the petition was filed. *Id.* Accordingly, the Ninth

3  Circuit concluded that it could not "consider the final judgment entered in the state court, after the

4  petition was filed, in deciding the amount of debt owed by Slack." *Id.; accord In re Ho*, 274 B.R.

5  867, 873 (9th Cir. BAP 2002) (stating that *Slack* stands for the proposition that "postpetition

6  events are irrelevant to whether a debt is liquidated on the date of filing bankruptcy"). By contrast,

7  in the instant case, the Statement of Decision was entered one day before Appellant filed his

8  petition for bankruptcy on January 25, 2018 and was thus not entered after Appellant's petition

9  was filed. *See* Bankruptcy Trustee's ER 73–90. Thus, the Bankruptcy Court did not err in

10  considering the January 24, 2018 Statement of Decision.

**B. The Bankruptcy Court did not err in concluding that Appellant's debt to the Frazer Creditors was liquidated and noncontingent.**

Appellant next asserts that the Bankruptcy Court erred in concluding that Appellant's debt to the Frazer Creditors was liquidated and noncontingent.[1] The Court initially considers whether the Bankruptcy Court erred in concluding that Appellant's debt was liquidated then considers whether the Bankruptcy Court erred in concluding that Appellant's debt was noncontingent.

**1. The Bankruptcy Court did not err in concluding that Appellant's debt to the Frazer Creditors was liquidated.**

Appellant asserts that the Bankruptcy Court erred in concluding that Appellant's debt to the Frazer Creditors was liquidated. Appellant's Br. at 21–24. "A debt is liquidated if it is capable of 'ready determination and precision in computation of the amount due.'" *In re Fountain*, 612 B.R. at 749 (quoting *Forstvedt v. Dow*, 823 F.2d 305, 306 (9th Cir. 1987)). "The test for 'ready determination' is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation." *Id.* (quoting *In re Nicholes*, 184 B.R. at 89). "[A] dispute regarding liability does not necessarily render a debt unliquidated." *Slack v.*

---

[1] In his appellate briefing, Appellant does not contest that Appellant's debt to the Frazer Creditors is unsecured. Indeed, Appellant listed the debt to the Frazer Creditors (albeit in a smaller amount) as an unsecured debt on his Schedules E/F.

9
Case No. 20-CV-05593-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO CONVERT TO CHAPTER 13

*Wilshire Ins. Co.*, 187 F.3d 1070, 1074 (9th Cir. 1999). "So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute." *In re Fountain*, 612 B.R. at 749. "[I]f the amount of the debt is calculable with certainty, then it is liquidated for the purposes of § 109(e)." *In re Slack*, 187 F.3d at 1074–75.

Appellant contends that Appellant's debt to the Frazer Creditors is not liquidated because the sales proceeds of the condominiums at issue will determine Appellant's liability. Appellant's Br. at 23–24; Appellant's Reply at 8–11. The Court disagrees. Indeed, the Statement of Decision specifically determined the amount of damages that Appellant had to pay to each of the Frazer Creditors. *See In re Fountain*, 612 B.R. at 750 (concluding that debt was liquidated because pending litigation was not about determining the amount of the debt). Accordingly, the amount of Appellant's debt to the Frazer Creditors is calculable with certainty. Thus, the Court concludes that the Bankruptcy Court did not err in concluding that Appellant's debt to the Frazer Creditors was liquidated.

### 2. The Bankruptcy Court did not err in concluding that Appellant's debt to the Frazer Creditors was noncontingent.

Appellant next asserts that the Bankruptcy Court erred in concluding that Appellant's debt to the Frazer Creditors was noncontingent. Appellant's Br. at 24–26; Appellant's Reply at 11–13. "A debt is contingent 'when the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor.'" *In re Fountain*, 612 B.R. at 748–49 (quoting *In re Fostvedt*, 823 F.2d at 306). "If 'all events giving rise to liability occurred prior to the filing of the bankruptcy petition,' the claim is not contingent." *Id.* (quoting *In re Nicholes*, 184 B.R. at 88). "A dispute over liability for a claim does not make the debt contingent." *Id.* (quoting *In re Nicholes*, 184 B.R. at 89).

In the instant case, Appellant contends that Appellant's debt to the Frazer Creditors is contingent because Appellant's liability is dependent upon the sale of the condominiums. Appellant's Br. at 24–26; Appellant's Reply at 11–13. The Court disagrees and concludes that

10
Case No. 20-CV-05593-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO CONVERT TO CHAPTER 13

Appellant's debt to the Frazer Creditors is not contingent. Indeed, the events that gave rise to Appellant's liability to the Frazer Creditors occurred between 2005 and 2013, years prior to the filing of the Appellant's bankruptcy petition in 2018. *See* Bankruptcy Trustee's ER at 74–79 (Statement of Decision, finding Appellant liable based on events that occurred between 2005 and 2013). Accordingly, Appellant's debt to the Frazer Creditors is not contingent. *See In re Fountain*, 612 B.R. at 749 (rejecting the debtor's argument that her debt was contingent because "all of the events giving rise to Debtor's liability on the note arose pre-petition"). Thus, the Court concludes that the Bankruptcy Court did not err in concluding that Appellant's debt to the Frazer Creditors was liquidated and noncontingent.

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's order denying Appellant's motion to convert to Chapter 13.

**IT IS SO ORDERED.**

Dated: August 13, 2021

_____
LUCY H. KOH
United States District Judge